### KIRKLAND vs. SMITH.

APPEAL from the court of the eighth district.

A certificate of a record of judicial proceedings in an other state, ought to contain intrinsic evidence of the official capacity of the person who certifies.

MARTIN, J delivered the opinion of the court. This case is before us, on a bill of exceptions, to the admission in evidence of a judgment, rendered in the state of Mississippi.

It is contended the district court erred in admitting it, as it was not legally certified.

1. Because the record is not authenticated by the *seal* of the court, and it does not appear either in the certificate of the clerk, nor that of the judge, that the court had not a seal.

2. It does not appear that the clerk and the judge, who certify, are officers of the same

KIRKLAND
vs.
SMITH.

court.   The one states himself clerk of the superior court of the county of Jefferson, and the other judge of the first judicial district. So *non constat* the judge who certifies or attests, presides in the court in which the judgment appears to have been given.

The act of congress, 1790, ch. II. requires the certificate of *the Judge, Chief Justice, or presiding Magistrate, as the case may be.*

The certificate does not appear to have been given by a *Chief Justice* or *presiding Magistrate.*—It should therefore appear to have been given, according to the words of the law by *the* judge, i. e. the judge of the court, in which the judgment was given.   The use of the definite article implies the idea of a judge, who alone constitutes the court.   If the court has more than one member, none can certify, but the *Chief* or *presiding* one.   In the certificate before us, it does not appear that the person, who certifies, was a judge of the court, in which the judgment was rendered, and if this did appear, it would not suffice, for *non constat,* that he was the sole, chief, or presiding judge.

Admitting then this defic'ency could be eked out by other evidence, none appears to have

been inttroduced, and the district court, on the contrary, appears to have overruled the legal objection of the appellant's counsel.—We think it erred.

The certificate ought to contain *intrinsic* evidence, of the official capacity of the person who certifies, i. e. it must shew that he is the person by whom the certificate is required by law to be made. Here then is no evidence, that the supreme court, of the county of Jefferson, sits in the first district, nor that the judge of that district, is either the sole, chief, or presiding judge of Jefferson county.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided, and reversed, anu the ease remanded with directions to the judge, not to admit the record of the judgment, in evidence. The costs of the appeal to be borne by the appellee.

*Workman* for the plaintiff, *Watts & Lobdell* for the defendant.